■ FRANK J. CIPOLLA et al., Appellants, v S.M. FLICKINGER COMPANY, INC., Respondent. (And a Third-Party Action.) (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Plaintiff, an employee of third-party defendant, Fleishmann Service Corp., commenced this action against defendant, which had hired Fleishmann to remove and replace a hydraulic lift in its garage, which required the removal of a concrete floor. Plaintiff, who was engaged in loading concrete and dirt from the garage and hauling it away in a truck owned by Fleishmann, fell to the floor while he was stepping down from the truck's damaged metal running board, about 1-½ feet from the floor. He commenced this action against defendant, asserting in his second cause of action, as amplified by his bill of particulars, that defendant violated Labor Law §§ 240 and 241 by permitting the truck's hazardous condition to exist, thereby failing to provide a safe place to work. Defendant moved for summary judgment dismissing plaintiff's complaint, which also included a negligence cause of action and a derivative cause of action by his wife, and

plaintiff cross-moved for partial summary judgment on his Labor Law § 240 (1) claim. The court granted defendant's motion.

We find that the court erred in dismissing plaintiff's second cause of action insofar as it asserted a violation of Labor Law § 241 (6), and that cause of action, as well as the derivative cause of action, must be reinstated to that extent. Defendant's assertion that the truck was not part of the work site is erroneous because it is undisputed that the truck was necessary to the performance of the job (see, Kemp v Lakelands Precast, 84 AD2d 630, mod on other grounds 55 NY2d 1032; see, e.g., Cox v LaBarge Bros. Co., 154 AD2d 947, lv dismissed 75 NY2d 808; cf., Sprague v Louis Picciano, Inc., 100 AD2d 247, 249-250, lv denied 62 NY2d 605). This statute serves the strong public policy of encouraging owners to hire safety-conscious and financially responsible contractors (see, Allen v Cloutier Constr. Corp., 44 NY2d 290, 301, rearg denied 45 NY2d 776). Having established that the running board was defective, plaintiff raised an issue of fact whether defendant breached its nondelegable duty to provide adequate protection to plaintiff (see, Nagel v Metzger, 103 AD2d 1; DaBolt v Bethlehem Steel Corp., 92 AD2d 70, lv dismissed 60 NY2d 554).

We further find, however, that the court correctly dismissed plaintiff's second cause of action insofar as it asserted a claim pursuant to Labor Law § 240 (1). Plaintiff's fall from the running board of the truck, which was 1-½ feet from the floor, is not the kind of fall from an elevated work site intended to be covered by that section (see generally, Staples v Town of Amherst, 146 AD2d 292; see, e.g., Klien v General Foods Corp., 148 AD2d 968; cf., Cartella v Strong Museum, 135 AD2d 1089). (Appeal from Judgment of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.