■ MICHAEL PELLESCKI et al., Appellants, v CITY OF ROCHESTER et al., Respondents and Third-Party Plaintiffs. RAYMOND E. KELLY, INC., Third-Party Defendant-Respondent. (Appeal No. 1.) [605 NYS2d 692] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs contend that a new trial is required on the ground that Supreme Court precluded testimony that defendants owners and general contractor of the parking ramp where plaintiff Michael Pellescki was allegedly

injured violated Labor Law § 241 (6) by failing to monitor his employer's compliance with certain Occupational Safety & Health Administration (OSHA) regulations. There is no merit to that contention. In order to show that a nondelegable duty on the part of the owner and general contractor exists under Labor Law § 241 (6), plaintiff was required to demonstrate that the owner or general contractor violated a specific rule of the Labor Commissioner establishing a health or safety standard (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494). The Labor Commissioner's rules do not incorporate the provisions of OSHA relied upon by plaintiffs (see, 12 NYCRR part 23). A violation of OSHA regulations by an employer does not impose a nondelegable duty on an owner or general contractor under Labor Law § 241 (6). Except in circumstances not relevant here (see, 40 USC §§ 329, 333; 29 CFR part 1926), OSHA regulates only the relationship between employers and employees; it imposes no duty on an owner or general contractor (see, Herman v Lancaster Homes, 145 AD2d 926, lv denied 74 NY2d 601; Berardi v Getty Ref. & Mktg. Co., 107 Misc 2d 451). Thus, the owner and general contractor had no duty to monitor the compliance of plaintiff's employer with OSHA, and the trial court properly limited the proof at trial.

The court's improper missing witness charge does not require reversal. The witness was a neurologist whose testimony was relevant only to proximate cause. In arriving at its verdict, the jury did not reach the issue of proximate cause and plaintiffs were not, therefore, prejudiced by the error (see, CPLR 2002). Moreover, the arguments raised by plaintiffs on appeal were not addressed at trial and are, therefore, unpreserved.

At oral argument, plaintiffs' attorney asserted that the court's charge on foreseeability was prejudicial because it improperly required a probability of injury rather than a possibility of injury. That argument, however, was not asserted in plaintiffs' brief. We therefore decline to address it.

Finally, we conclude that the jury's verdict is supported by the weight of the evidence. (Appeal from Judgment of Supreme Court, Monroe County, Calvaruso, J.—Negligence and Strict Products Liability.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.