■ DAVID N. COLOPY, Respondent, v WILLIAM C. McCOMBS, INC., Appellant. [611 NYS2d 83] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover for personal injuries he sustained when he was struck by the hydraulic boom of a truck and fell to the ground from the truck. At the time of the accident, the truck had been leased to defendant for use on its roofing project at Attica Correctional Facility. The complaint alleges causes of action for violations of Labor Law §§ 200, 240 (1), and § 241 (6) and common-law negligence. Following discovery, both parties

moved for summary judgment and Supreme Court denied both motions.

The court erred in denying defendant's motion for summary judgment insofar as it sought dismissal of plaintiff's cause of action under Labor Law § 240 (1). Plaintiff's fall from the truck "is not the kind of fall from an elevated work site intended to be covered by that section" *(Cipolla v Flickinger Co.,* 172 AD2d 1064, 1065). We modify the order, therefore, by granting in part defendant's motion for summary judgment and dismissing plaintiff's cause of action alleging defendant's violation of Labor Law § 240 (1).

Summary judgment was properly denied on plaintiff's causes of action alleging violations of Labor Law § 241 (6) and § 200 and common-law negligence. At the time of the accident, the boom truck was part of the worksite because it was being used on the roofing project *(see, Cipolla v Flickinger Co., supra).* There are questions of fact whether defendant breached its duty to provide adequate protection to plaintiff *(see,* Labor Law § 241 [6]; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-504). Further, defendant failed to submit proof in admissible form establishing that it lacked supervisory control over plaintiff's work. Defendant, therefore, failed to establish its entitlement to judgment dismissing plaintiff's cause of action alleging a breach of defendant's common-law duty to maintain a safe workplace *(see,* Labor Law § 200 [1]; *Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 505). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Labor Law § 240.) Present—Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.