■ ROBERT B. ORR, Respondent, v DAVID CHRISTA CONSTRUCTION, INC., Respondent and Third-Party Plaintiff, and TRIANGLE STEEL, INC., Appellant and Third-Party Plaintiff-Appellant. BINGHAMTON STEEL ERECTORS, Third-Party Defendant-Respondent. [615 NYS2d 543] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted plaintiff summary judgment on his Labor Law § 240 (1) cause of action against defendant and third-party plaintiff Triangle Steel, Inc. (Triangle). Contrary to Triangle's contention, plaintiff, who was unloading structural steel from a flat bed trailer at the time he was injured, was engaged in protected activity under Labor Law § 240 (1). Plaintiff's work was clearly "necessary and incidental" to the construction project (Mosher v St. Joseph's Villa, 184 AD2d 1000, 1002; see, Hagins v State of New York, 159 AD2d 941, affd 81 NY2d 921; Cox v LaBarge Bros. Co., 154 AD2d 947, lv dismissed 75 NY2d 808).

We reject the contention that the court improperly denied the cross motion of Triangle for summary judgment on its contractual and common-law indemnification causes of action against plaintiff's employer, Binghamton Steel Erectors (Binghamton), a subcontractor on the construction project where plaintiff was injured. The record reveals triable issues of fact concerning Binghamton's negligence, making summary judgment inappropriate on Triangle's contractual indemnification cause of action (cf., Stimson v Lapp Insulator Co., 186 AD2d 1052; LaCroix v Migliore Constr. Co., 142 AD2d 980). Because there are also questions of fact regarding the degree of control exercised by Triangle over the manner of loading the structural steel onto the flatbed trailer, the court properly denied

882

the cross motion of Triangle for summary judgment on its common-law indemnification cause of action *(see, Schelble v ADF Constr. Corp.,* 199 AD2d 973; *Smith v Cassadaga Val. Cent. School Dist.,* 178 AD2d 955, 957). The court properly granted summary judgment to the general contractor of the construction project, David Christa Construction, Inc. (Christa), on Christa's contractual and common-law indemnification causes of action in light of the indemnification and defense clauses in Christa's contract with Triangle *(see, Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774, 777), and the complete absence of control or supervision by Christa of the fabrication, delivery or unloading of the structural steel *(see, Kelly v Diesel Constr. Div.,* 35 NY2d 1).

The court erred, however, in denying Triangle's cross motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action. The failure of plaintiff to allege specific sections of the Industrial Code violated by Triangle either in his complaint or bill of particulars requires dismissal of that cause of action *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 503-505; *see also, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 878; *Foster v Spevack,* 198 AD2d 892, 894; *Pelleschi v City of Rochester,* 198 AD2d 762, *lv denied* 83 NY2d 752). (Appeal from Order of Supreme Court, Monroe County, Rosenbloom, J.—Partial Summary Judgment.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.