■ RICHARD WILLIAMS, Respondent, v WHITE HAVEN MEMORIAL PARK, INC., Appellant and Third-Party Plaintiff. ARTHUR V. TOWNER, INC., Third-Party Defendant-Appellant. [643 NYS2d 787] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of defendant's motion for summary judgment dismissing the Labor Law § 240 (1) cause of action and in granting partial summary judgment to plaintiff on that cause of action. Plaintiff, an employee of third-party defendant, was injured while moving a 250-pound tamper-plate machine, a device used to compact earth. He was guiding the machine down a slope of an open trench when the ground beneath him gave way, causing him to slide down the slope into the trench. He collided with a manhole located at the bottom of the trench. The machine also slid down the slope, landing on top of plaintiff.

We conclude that the Labor Law § 240 (1) cause of action cannot be sustained. "[A]t the time of the incident, plaintiff was not performing any task at an elevated worksite and was not exposed to the type of hazard that the use or placement of the safety devices enumerated in Labor Law § 240 (1) was designed to protect against" (*Radka v Miller Brewing,* 182 AD2d 1111, 1111-1112; *see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513-514; *Adamczyk v Hillview Estates Dev. Corp.,* 226 AD2d 1049 [decided herewith]). Moreover, absolute liability under Labor Law § 240 (1) for injuries sustained by a worker who slid down a slope is wholly unwarranted (*see, Staples v Town of Amherst,* 146 AD2d 292, 300).

The court further erred in denying that part of defendant's motion for summary judgment dismissing the Labor Law § 241 (6) cause of action. "To make out a prima facie cause of action pursuant to Labor Law § 241 (6), plaintiffs must allege that defendants violated a rule or regulation of the Commissioner of Labor that sets forth a specific standard of conduct as opposed to a general reiteration of common-law principles" (*Adams v Glass Fab,* 212 AD2d 972, 973). Plaintiff alleges that defendant violated numerous rules and regulations of the Commissioner of Labor and two Occupational Safety and Health Administration (OSHA) standards. Industrial Code (12 NYCRR) §§ 23-1.3 and 23-1.5 (a) and (c) (2) and (3) are general provisions and thus do not provide a basis for liability under

Labor Law § 241 (6) (*see, McGrath v Lake Tree Vil. Assocs.*, 216 AD2d 877; *Stairs v State St. Assocs.*, 206 AD2d 817, 818). The remaining sections of the Industrial Code relied upon by plaintiff are not applicable to this case. Lastly, violations of OSHA standards do not provide a basis for liability under Labor Law § 241 (6) (*see, McGrath v Lake Tree Vil. Assocs., supra; McSweeney v Rochester Gas & Elec. Corp.*, 216 AD2d 878, *lv denied* 86 NY2d 710). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Green, J. P., Fallon, Wesley, Davis and Boehm, JJ.