■ ANGELO BASILE et al., Appellants, v ICF KAISER ENGI-
NEERS CORP. et al., Respondents and Third-Party Plaintiffs.
CHARLES SHUTRUMP & SONS Co., Third-Party Defendant-
Respondent. [643 NYS2d 854] —Order unanimously affirmed
without costs. Memorandum: Supreme Court properly granted
summary judgment dismissing the complaint seeking damages
for common-law negligence and violations of Labor Law §§ 200,
240 (1) and § 241 (6). Angelo Basile (plaintiff) slipped on a stack
of pipes and fell onto the pipes. Thus, he did not fall from an
elevated work site (see, Mitchell v County of Jefferson, 226
AD2d 1109; Cipolla v Flickinger Co., 172 AD2d 1064, 1065),
and the accident did not involve an elevation-related risk
encompassed by Labor Law § 240 (1) (see, Ross v Curtis-Palmer
Hydro-Elec. Co., 81 NY2d 494, 501; Rocovich v Consolidated
Edison Co., 78 NY2d 509, 514).

To establish a prima facie cause of action under Labor Law
§ 241 (6), plaintiff was required to show that defendants, as
nonsupervising owners or contractors, violated a specific rule
or regulation of the Commissioner of Labor "mandating compli-
ance with concrete specifications" (Ross v Curtis-Palmer Hydro-
Elec. Co., supra, at 505). He failed to meet that burden.
Industrial Code (12 NYCRR) § 23-1.5 states a general standard
of care and does not support a Labor Law § 241 (6) violation
(McGrath v Lake Tree Vil. Assocs., 216 AD2d 877; see also,
Dombrowski v Schwartz, 217 AD2d 914). The pipes had been
delivered and stacked in a staging area in order to be cleaned.
The stack of pipes did not constitute a passageway or elevated
work area, and thus 12 NYCRR 23-1.7 (d) does not apply (see,
McGrath v Lake Tree Vil. Assocs., supra; Stairs v State St. As-
socs., 206 AD2d 817, 818). Moreover, the slippery substance
was an integral part of the pipes (see, Adams v Glass Fab, 212
AD2d 972, 973). The remaining sections of the Industrial Code
relied upon by plaintiff (12 NYCRR 23-3.3, 23-5.1, 23-9.8) also
do not apply to this case.

Lastly, the proof establishes that defendants exercised no
supervisory control over plaintiff's work. Thus, defendants
were entitled to summary judgment dismissing the common-
law negligence and Labor Law § 200 causes of action (see,
Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877).
(Appeal from Order of Supreme Court, Erie County, Doyle,
J.—Summary Judgment.) Present—Green, J. P., Pine, Lawton,
Balio and Boehm, JJ.