■ GARY DANN et al., Appellants, v CITY OF SYRACUSE et al., Respondents and Third-Party Plaintiffs. A. W. FARRELL & SON, INC., Third-Party Defendant-Respondent. [647 NYS2d 617] —Order unanimously affirmed without costs. Memorandum: Gary Dann (plaintiff) was injured while working on the roof of a building under construction. A portion of the roof surface had been completed, and there was a two-inch elevational differential between the finished and unfinished portions of the

roof. According to plaintiff, he was transporting bundles of roofing shingles on a two-wheel hand cart known as an insulation fork when he tripped on the two-inch lip and caught the axle of the cart on his foot or leg. The load on the cart shifted and plaintiff was struck in the head by a bundle of shingles. Plaintiffs appeal from that portion of an order granting the motion of third-party defendant A. W. Farrell & Son, Inc., for summary judgment dismissing the Labor Law § 241 (6) cause of action.

We reject plaintiffs' contention that the alleged violations of the Industrial Code, namely, 12 NYCRR 23-1.5 (c) (2) and 23-1.7 (e) (2), support their section 241 (6) cause of action. Section 23-1.5 (c) (2) reiterates a general standard of care and does not set forth the concrete specifications required to support a Labor Law § 241 (6) cause of action (*Williams v White Haven Mem. Park*, 227 AD2d 923). Moreover, plaintiffs failed to show that the cart was defective. Section 23-1.7 (e) (2), which requires that work areas be kept free from accumulations of dirt and debris and from scattered tools and sharp projections, does not apply. The two-inch lip between the finished and unfinished portions of the roof was an integral part of the roof being installed (*see, Adams v Glass Fab*, 212 AD2d 972, 973). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.— Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.