■ ANTHONY J. FLIHAN et al., Respondents, v CORNELL UNIVERSITY, Appellant. [654 NYS2d 507] —Order unanimously reversed on the law without costs, motion denied, cross motion granted and Labor Law § 240 (1) cause of action dismissed. Memorandum: Anthony J. Flihan (plaintiff) and two co-workers were unloading a heavy gang box full of tools from the back of a truck by sliding it onto a ramp running from the truck bed to the ground. The truck bed was approximately five feet above ground level, where plaintiff was standing. As the gang box was being guided onto the ramp from the truck bed, the gang box became unstable and started to fall toward plaintiff. Plaintiff attempted to hold the gang box above his head but it was too heavy. To avoid being struck, plaintiff quickly stepped aside, twisting his back, and narrowly missed being struck by the gang box as it crashed to the ground. Plaintiff suffered disabling injuries to his lower back. Plaintiff and his wife commenced this action against defendant, the owner of the property where plaintiff was working, alleging causes of action in negligence and based upon violation of Labor Law §§ 200, 240 (1), and § 241 (6) and (7). Supreme Court granted plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) cause of action and denied defendant's cross motion for summary judgment dismissing that cause of action. We reverse.

"[A]bsolute liability under Labor Law § 240 (1) may be imposed only upon a showing that the injured worker fell from an elevated work surface or was struck by an object falling from an elevated work surface" (*Staples v Town of Amherst,*

146 AD2d 292, 293; *see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501). Not every incident involving a falling object invokes the protection of Labor Law § 240 (1). Thus, accidents occurring during the moving of objects down a ramp from the rear of a truck to the pavement do not involve the extraordinary elevation risks contemplated by the statute (*see, DePuy v Sibley, Lindsay & Curr Co.*, 225 AD2d 1069). Plaintiffs' reliance upon *Orr v Christa Constr.* (206 AD2d 881) is misplaced; there the issue was whether plaintiff was engaged in a protected activity under Labor Law § 240 (1). (Appeal from Order of Supreme Court, Oneida County, Buckley, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.