■ JULIUS PHELAN et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 88807.) [661 NYS2d 109] —Order insofar as appealed from unanimously reversed on the law without costs, motion denied, cross motion granted and claim dismissed. Memorandum: Julius Phelan (claimant), an employee of contractor J. K. Knowles, sustained injuries at the site of a renovation project on a New York State Thruway bridge in Hartfield. The old guardrails had been removed from the bridge and claimant and two co-workers were loading them onto a flatbed truck. Claimant was standing in the bed of the truck, guiding a load of guardrails that was being lowered onto cribbing set up by claimant and a co-worker. The load was positioned and claimant was removing the sling from the load when he felt the load shift. As the load began to move toward claimant, he either fell or jumped approximately seven feet to the ground. He did not sustain injuries in the fall, but the

guardrails fell from the truck bed and struck him, causing severe crushing injuries.

Claimants commenced this action alleging violations of Labor Law § 240 (1) and § 241 (6). A third cause of action pursuant to Labor Law § 200 was dismissed upon stipulation of the parties. Claimants moved for partial summary judgment on the Labor Law § 240 (1) cause of action and the State cross-moved for summary judgment dismissing the claim. The Court of Claims granted the motion and denied the cross motion. The State appeals, arguing that the claim should be dismissed in its entirety. We agree.

Labor Law § 240 (1) "has historically been construed in the context of workers injured as a result of inadequate or missing safety equipment at elevated work sites * * * It is in recognition of the exceptionally dangerous conditions posed by elevation differentials at work sites that section 240 (1) prescribes safety precautions for workers laboring under unique gravity-related hazards" (*Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 490-491, *rearg denied* 87 NY2d 969). Those special hazards, however, "do not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity" (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501; *see also, Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841, 843-844). We conclude that an incident involving objects falling from the bed of a flatbed truck is not the type of special, elevation-related hazard contemplated by Labor Law § 240 (1) (*see, Flihan v Cornell Univ.,* 237 AD2d 921; *DePuy v Sibley, Lindsay & Curr Co.,* 225 AD2d 1069; *Malecki v Wal-Mart Stores,* 222 AD2d 1010; *Colopy v William C. McCombs, Inc.,* 203 AD2d 920). Claimants' reliance upon *Orr v Christa Constr.* (206 AD2d 881) is misplaced because the issue in that case was whether claimant was engaged in a protected activity (*see, Flihan v Cornell Univ., supra*).

Because claimants failed to allege the violation of a specific provision of the Industrial Code in either the claim or the bill of particulars, the Labor Law § 241 (6) cause of action should have been dismissed (*see, Orr v Christa Constr., supra,* at 882). Claimants argue that they included such allegations in their memorandum of law in opposition to the State's cross motion to dismiss the Labor Law § 241 (6) cause of action (*cf., White v Farash Corp.,* 224 AD2d 978). That memorandum of law, however, is outside the record and we cannot consider it. In addition, we do not consider claimants' allegations, raised for the first time on appeal, concerning the violation of several regulations (*see, McMahon v Durst,* 224 AD2d 324; *Rojas v County of*

*Nassau,* 210 AD2d 390, 391). (Appeal from Order of Court of Claims, NeMoyer, J.—Summary Judgment.) Present—Denman, P. J., Pine, Doerr, Balio and Fallon, JJ.