■ ARRISON PRINCE, Appellant, v MERIT OIL OF NEW YORK, INC., Respondent. [657 NYS2d 967] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated March 15, 1996, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action predicated upon Labor Law § 241 (6).

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the defendant's motion which sought dismissal of the cause of action predicated upon Labor Law § 241 (6) is denied, and that cause of action is reinstated.

The plaintiff's citation to Industrial Code § 23-1.8 (c) (1) (12 NYCRR 23-1.8 [c] [1]) permits the cause of action predicated on Labor Law § 241 (6) to withstand the defendant's motion for summary judgment (*see, Dickson v Fantis Foods*, 235 AD2d 452; *Donovan v S & L Concrete Constr. Corp.*, 234 AD2d 336). It cannot be said as a matter of law that this regulation was inapplicable to the facts of this case. Rather, the plaintiff's submissions raise a triable issue of fact regarding the proximate cause of the accident in question (*see, Derdiarian v Felix Constr. Corp.*, 51 NY2d 308; *McCann v City of New York*, 205 AD2d 668; *Capiello v Telehouse Intl. Corp.*, 193 AD2d 478). Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.