■ DAVID FINCH et al., Respondents, v CONRAIL et al., Appellants. CONRAIL et al., Third-Party Plaintiffs, v WARNER CABLE COMPANY, Third-Party Defendant-Appellant. [661 NYS2d 327] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover for work-related injuries sustained by David Finch (plaintiff), an employee of third-party defendant, Warner Cable Company (Warner). Prior to his accident, plaintiff was using an aerial bucket truck to transfer cable lines from existing utility poles to new poles that were jointly owned by defendants New York Telephone Company (New York Telephone) and Niagara Mohawk Power Corporation (Niagara Mohawk). Plaintiff lowered the bucket to its rack on the bed of the truck and stepped onto a platform at the back of the truck, which was approximately two feet above the ground. The accident occurred when plaintiff stepped off the truck into a hole that was concealed by tall grass and weeds.

Plaintiffs allege causes of action for common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Defendants moved for summary judgment dismissing the complaint and plaintiffs cross-moved for partial summary judgment on liability pursuant to Labor Law § 240 (1) and § 241 (6). Supreme Court granted the cross motion insofar as it sought partial summary judgment on liability pursuant to Labor Law § 240 (1); denied the cross motion insofar as it sought partial summary judgment on liability pursuant to Labor Law § 241 (6); denied defendants' motions insofar as they sought summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action; granted the motion of Conrail, Consolidated Rail Corporation and Tri-Delta Aggregates, Inc., insofar as it sought summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action; and denied the motion of New York Telephone and Niagara Mohawk insofar as it sought summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action.

The court erred in denying the motions insofar as they sought summary judgment dismissing the Labor Law § 240 (1)

cause of action and granting the cross motion for partial summary judgment under that section. Stepping into a concealed hole from the back of a truck does not involve "the type of special, elevation-related hazard contemplated by Labor Law § 240 (1)" (*Phelan v State of New York*, 238 AD2d 882, 883; *see, DePuy v Sibley, Lindsay & Curr Co.*, 225 AD2d 1069; *Colopy v William C. McCombs, Inc.*, 203 AD2d 920).

The court also erred in denying the motions insofar as they sought summary judgment dismissing the Labor Law § 241 (6) cause of action. None of the regulations relied upon by plaintiffs to support such a cause of action applies to plaintiff's accident (*see, Bennion v Goodyear Tire & Rubber Co.*, 229 AD2d 1003; *Jackson v Williamsville Cent. School Dist.*, 229 AD2d 985, 986; *Farrell v Dick Enters.*, 227 AD2d 956; *Basile v ICF Kaiser Engrs. Corp.*, 227 AD2d 959).

Finally, the court erred in denying the motion of New York Telephone and Niagara Mohawk insofar as it sought summary judgment dismissing the Labor Law § 200 cause of action. Questions of fact, however, preclude summary judgment dismissing the common-law negligence cause of action against New York Telephone and Niagara Mohawk.

Thus, we modify the order by denying the cross motion for partial summary judgment on the Labor Law § 240 (1) cause of action and granting in part the motion of New York Telephone and Niagara Mohawk for summary judgment and dismissing the Labor Law §§ 200, 240 (1) and § 241 (6) causes of action against them and by granting in its entirety the motion of Conrail, Consolidated Rail Corporation and Tri-Delta Aggregates, Inc., for summary judgment and dismissing the complaint against them.

We do not address defendants' and third-party defendant's challenge to the constitutionality of Labor Law § 241 (6). Resolution of that issue is not necessary to the disposition of the appeal (*see, Peters v New York City Hous. Auth.*, 307 NY 519; *O'Kane v State of New York*, 283 NY 439, 449, *rearg denied* 284 NY 591). (Appeals from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ. [As amended by unpublished order entered Sept. 30, 1997.]