■ RONALD OZZIMO et al., Appellants, v H.E.S., INC., Also Known as H.E. SARGENT, INC., et al., Respondents. [672 NYS2d 197] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Ronald Ozzimo (plaintiff) is a pipe layer who was hired by Consolidated Constructors and Builders, Inc. (Consolidated), to assist in the installation of water and drain pipes at the Mill Seat Landfill owned by defendant County of

Monroe (County). Consolidated paid plaintiff's wages and maintained workers' compensation insurance for plaintiff. By a written labor services agreement, Consolidated agreed to supply defendant H.E.S., Inc., also known as H.E. Sargent, Inc. (H.E.S.), the general contractor on the job, with laborers to perform excavation work for the landfill project. On August 5, 1992, as plaintiff was standing next to an open five-foot trench, the earth beneath his feet gave way and plaintiff fell into the trench, injuring his back.

Plaintiffs commenced this action against, *inter alia,* H.E.S. and the County (defendants) and asserted claims for common-law negligence and violation of Labor Law §§ 200, 240 and 241. In its answer, H.E.S. asserted as an affirmative defense that this action is barred by the exclusive remedy provisions of the Workers' Compensation Law because plaintiff was a special employee of H.E.S. Defendants moved for summary judgment dismissing the complaint against them, and plaintiffs cross-moved for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Supreme Court erred in determining that plaintiff was a special employee of H.E.S. as a matter of law and in dismissing the complaint against H.E.S. on the ground that the action against H.E.S. is barred by the exclusive remedy provisions of the Workers' Compensation Law. A person's categorization as a special employee is usually a question of fact that should not be resolved on a motion for summary judgment unless the special employer's comprehensive and exclusive control and direction of the manner, details and ultimate results of the employee's work have been incontrovertibly established (*see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 557-558; *Oden v Chemung County Indus. Dev. Agency,* 183 AD2d 998, 998-999). Only where the undisputed facts establish surrender of complete control by the general employer and assumption of control by the special employer can the determination of special employment status be made as a matter of law (*Thompson v Grumman Aerospace Corp., supra,* at 557-558; *Degruchy v Xerox Corp.,* 188 AD2d 1003).

In our view, the record establishes that there are triable issues of fact whether plaintiff was a special employee of H.E.S. Although H.E.S. submitted proof in admissible form that all workers at the worksite were under the supervision, direction and control of H.E.S. employees, plaintiffs, in opposition to the motion, submitted proof that plaintiff was directly supervised by two employees of Consolidated and that Consolidated had

supervisors and "lead men" at the worksite directing and supervising Consolidated employees. The court, however, properly dismissed the Labor Law § 240 (1) claim against defendants. Plaintiff "was not performing any task at an elevated worksite and was not exposed to the type of hazard that the use or placement of the safety devices enumerated in Labor Law § 240 (1) was designed to protect against" (*Radka v Miller Brewing,* 182 AD2d 1111, 1111-1112; *see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513-514; *Williams v White Haven Mem. Park,* 227 AD2d 923; *Staples v Town of Amherst,* 146 AD2d 292, 299-300).

The court erred in dismissing the Labor Law § 241 (6) claim against H.E.S. and in limiting the section 241 (6) claim against the County. It is well settled that, in order to establish a claim under Labor Law § 241 (6), a plaintiff must demonstrate that the owner or general contractor violated a specific rather than a general safety standard established by the Labor Commissioner (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 503-505; *Adamczyk v Hillview Estates Dev. Corp.,* 226 AD2d 1049, 1050; *Pelleschi v City of Rochester,* 198 AD2d 762, 763, *lv denied* 83 NY2d 752). Although the court properly dismissed plaintiffs' claim that defendants violated the general safety standard set forth in 12 NYCRR 23-1.5 (*see, Adamczyk v Hillview Estates Dev. Corp., supra,* at 1050), it erred in dismissing plaintiffs' claims that defendants violated the specific safety standards set forth in 12 NYCRR 23-1.33 and 23-1.7 (*see,* 12 NYCRR 23-1.7 [b] [1]; *Ramski v Zappia Enters.,* 229 AD2d 990; *Durfee v Eastman Kodak Co.,* 212 AD2d 971, 972, *lv dismissed* 85 NY2d 968). The court properly dismissed the claimed violations of 12 NYCRR 23-4.1 and 23-4.3, which are not applicable to the facts of this case. Defendants acknowledge that the court declined to dismiss plaintiffs' claimed violation of 12 NYCRR 23-4.2, 23-4.4 and 23-4.5.

The court properly dismissed the Labor Law § 200 claim against the County. The County established that it did not exercise the requisite supervision or control over plaintiff or the manner in which plaintiff performed the work to warrant the imposition of Labor Law § 200 liability (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *Ramski v Zappia Enters., supra*).

Therefore, we modify the order by reinstating the complaint against H.E.S., except for the Labor Law § 240 (1) claim, and by reinstating plaintiffs' claims that defendants violated 12 NYCRR 23-1.33 and 23-1.7. (Appeal from Order of Supreme Court, Monroe County, Frazee, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.