■ DONALD J. WEBSTER, Appellant, v MICHAEL N. WETZEL, Doing Business as MIKE WETZEL REMODELING, Respondent, et al., Defendants. MICHAEL N. WETZEL, Doing Business as MIKE WETZEL REMODELING, Third-Party Plaintiff, v JOHN J. LUND, Doing Business as J. LUND CONCRETE & TRENCHING, Third-Party Defendant-Respondent. [691 NYS2d 848] —Order unanimously affirmed without costs. Memorandum: Plaintiff seeks to recover damages for injuries he sustained when the rear gate of a dump truck gave way and released 10 tons of stone onto him. Supreme Court properly granted the motion of third-party defendant for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on liability under Labor Law § 240 (1) and § 241 (6). We reject plaintiff's contention that the accident involved an elevation-related hazard covered by Labor Law § 240 (1) (see, Tillman v Triou's Custom Homes, 253 AD2d 254; Phelan v State of New York, 238 AD2d 882, lv denied 90 NY2d 812; Flihan v Cornell Univ., 237 AD2d 921; cf., Orr v Christa Constr., 206 AD2d 881). We also reject plaintiff's contention that 12 NYCRR 23-1.5 (c) is specific enough to support the Labor Law § 241 (6) claim (see, Ozzimo v H.E.S., Inc., 249 AD2d 912; Dann v City of Syracuse, 231 AD2d 855; Williams v White Haven Mem. Park, 227 AD2d 923; contra, Gonzalez v United Parcel Serv., 249 AD2d 210; McCormack v Helmsley-Spear, Inc., 233 AD2d 203). (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wisner, Hurlbutt and Callahan, JJ.