■ ALFRED BOND, Appellant, v YORK HUNTER CONSTRUCTION, INC., Defendant and Third-Party Plaintiff. CROSSBAY CONTRACTING, Third-Party Defendant-Respondent. [705 NYS2d 40] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered July 13, 1998, which, in an action by a laborer against a construction manager for personal injuries sustained at a construction site, granted motions by the construction manager and third-party defendant demolition contractor, plaintiff's employer, for summary judgment dismissing the complaint and third-party complaint, and denied plaintiff's cross motion for partial summary judgment as to liability on his cause of action under Labor Law § 240 (1), affirmed, without costs.

The complaint was properly dismissed based on plaintiff's uncontradicted account of his injury—in descending from the vehicle he had been operating to demolish an interior wall, he placed his foot on the vehicle's track, intending to use it as a step down, slipped on a spot of grease on the track, fell off the track, landed on debris, and twisted his ankle. Such a fall did not result from the kind of gravity-related hazard that called for any protective devices of the types listed in Labor Law § 240 (1), and thus the cause of action under that statute was correctly dismissed (see, Rocovich v Consolidated Edison Co., 78 NY2d 509, 513-514; Cipolla v Flickinger Co., 172 AD2d 1064, amended on other grounds 175 AD2d 677; Finch v Con-

*rail*, 241 AD2d 952). The cause of action for negligence and violation of Labor Law § 200 was correctly dismissed on the ground that plaintiff failed to adduce any evidence tending to show that the construction manager had created, or had prior notice of, the greasy condition of the vehicle's track. Nor is there merit to the cause of action under Labor Law § 241 (6) since the vehicle track on which plaintiff slipped was not a "floor, passageway, walkway, scaffold, platform or other elevated working surface" within the meaning of 12 NYCRR 23-1.7 (d). Finally, the latter two causes of action cannot be sustained based on the contention that the accumulation of debris on the ground of the worksite constituted an actionable dangerous condition, since such contention is improperly raised for the first time on appeal, and, in any event, the accumulation of debris was an unavoidable and inherent result of work at a on-going demolition project, and therefore provides no basis for imposing liability (*see, Cappello v Cardinal Dev. Corp.*, 213 AD2d 365). Concur—Wallach, Lerner and Buckley, JJ.

Ellerin, J. P., and Rubin, J., dissent in part in a memorandum by Rubin, J., as follows: In accordance with the Appellate Division, Fourth Department's decision in *Cipolla v Flickinger Co.* (172 AD2d 1064, *amended on other grounds*, 175 AD2d 677), plaintiff has stated a cause of action under Labor Law § 241 (6). At his examination before trial, plaintiff testified that, in order to dismount from the heavy equipment he was operating (a tracked vehicle known as an "F5"), he was required to step onto the right track, which was elevated several feet above the ground. While climbing down from the vehicle at the end of the work day, plaintiff slipped on oil that was present on the track. His right foot landed on a broken brick, causing his ankle to twist and break. From his experience servicing similar heavy equipment, plaintiff was able to identify the oil as a type used in both the engine and in the hydraulic system of the vehicle.

Section 23-1.7 (d) of the Industrial Code (12 NYCRR) provides: "(d) *Slipping hazards*. Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing." Like the running board of the truck in *Cipolla* (*supra*), from which the plaintiff fell, the track of the vehicle operated by plaintiff herein constitutes a walkway or platform that the injured employee was required to traverse in the course of his work (*see also, Ca-*

*farella v Harrison Radiator Div.*, 237 AD2d 936, 937 [fall on bed of dump truck due to mud, oil and water]). Accordingly, I conclude that plaintiff's testimony is sufficient to raise a question of whether there was a violation of this provision and, if so, whether such violation was a proximate cause of his injury.