■ STEPHEN F. MILLARD et al., Appellants-Respondents, v CITY OF OGDENSBURG, Respondent-Appellant. [710 NYS2d 507] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiffs commenced this action alleging violations of Labor Law § 241 (6) and § 200 and seeking, *inter alia,* damages for injuries sustained by plaintiff Stephen F. Millard when a bulldozer backed over him. Defendant cross-appeals from so much of an order holding that there is a triable issue of fact concerning the interpretation of 12 NYCRR 23-9.5 (g).

Contrary to plaintiffs' contention, defendant was not required to plead as an affirmative defense that 12 NYCRR 23-9.5 (g), relied upon by plaintiffs in support of the Labor Law § 241 (6) cause of action, does not apply to this case in order to raise that issue after the note of issue was filed. Defendant sufficiently raised that issue by the general denial in its answer of any liability under Labor Law § 241 (6) (*see generally, Stevens v Northern Lights Assocs.,* 229 AD2d 1001, 1002). Supreme Court erred in determining that there is a triable issue of fact concerning the interpretation of 12 NYCRR 23-9.5 (g), which requires an excavating machine "except for crawler mounted equipment" to sound a warning signal when backing up. Whether the bulldozer here was crawler mounted is a question of law for the court to resolve (*see, Stasierowski v Conbow Corp.,* 258 AD2d 914, 915). We thus modify the order by vacating the determination that there is a triable issue of fact concerning the interpretation of 12 NYCRR 23-9.5 (g). We remit the matter to Supreme Court to determine the interpretation of that section and thus whether that part of defendant's motion seeking summary judgment dismissing that cause of action should be granted. Because "crawler mounted equipment" is not defined in the Industrial Code, the court may take evidence on the meaning of that phrase prior to making its determination.

We reject the contention of plaintiffs that they may rely upon a violation of a regulation promulgated under the Occupational Safety and Health Act (OSHA) to support the Labor Law § 241 (6) cause of action. It is well settled that an OSHA regulation generally cannot provide a basis for liability under Labor Law § 241 (6) (*see, Irwin v St. Joseph's Intercommunity Hosp.,* 236 AD2d 123, 130; *McSweeney v Rochester Gas & Elec. Corp.,* 216 AD2d 878, 879, *lv denied* 86 NY2d 710; *Landry v General Motors Corp.,* 210 AD2d 898; *Pelleski v City of Rochester,* 198 AD2d 762, 763, *lv denied* 83 NY2d 752). The OSHA regulation cited by plaintiffs imposes a nondelegable duty upon the employer, rather than the owner, to enforce that regulation, and thus it cannot be relied upon by plaintiffs as a basis for liability under Labor Law § 241 (6) (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 351, n; *Herman v Lancaster Homes,* 145 AD2d 926, *lv denied* 74 NY2d 601).

The court's failure to rule on that part of defendant's motion seeking summary judgment dismissing the Labor Law § 200 cause of action is deemed a denial (*see, Brown v U.S. Vanadium Corp.,* 198 AD2d 863, 864). Defendant, however, is limited by its notice of cross appeal to arguing only with respect to the Labor Law § 241 (6) cause of action (*see,* CPLR 5515 [1]; *Som-*

*mers v Sommers*, 203 AD2d 975, 977; *Brown v U.S. Vanadium Corp., supra,* at 864; *Royal v Brooklyn Union Gas Co.,* 122 AD2d 132, 133). (Appeals from Order of Supreme Court, Lewis County, Parker, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.