ROBERT E. FISHER, JR., Respondent, v WNY BUS PARTS, INC., Doing Business as GORMAN BUS SALES, et al., Defendants, and LBM CONSTRUCTION, INC., Appellant. [785 NYS2d 229]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered October 2, 2003. The order, insofar as appealed from, denied that part of the motion of defendant LBM Construction, Inc. seeking summary judgment dismissing the Labor Law §§ 200 and 241 causes of action against it in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting those parts of the motion of defendant LBM Construction, Inc. with respect to the Labor Law § 200 cause of action, the claims pursuant to Labor Law § 241 (4) and (5), and the claim pursuant to Labor Law § 241 (6) to the extent it is premised upon the alleged violations of Occupational Safety and Health Administration regulations and of 12 NYCRR 23-1.33 (a) (1) and (2), 23-1.4 (a), 23-1.5 (a), (c) (1), (2), and (3), 23-1.7 (e) (2),

23-5.1 (f), 23-9.1, 23-9.2 (c) and (d), and 23-9.8 (b) and (e) and dismissing that cause of action and those claims to that extent against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this common-law negligence and Labor Law action seeking damages for injuries he sustained when the forks on a forklift truck pinned his left foot against stacked steel. Plaintiff and his coworker were assisting in unloading the steel from a flatbed trailer and plaintiff's foreman was attempting to lift the steel from the trailer using the forklift. Plaintiff was standing on the bed of the trailer when his foreman moved the forks forward and pinned plaintiff's foot. LBM Construction, Inc. (defendant), the general contractor on the job site, moved for summary judgment dismissing the complaint and cross claims against it. Defendant appeals from so much of an order of Supreme Court that denied that part of its motion for summary judgment seeking dismissal of the Labor Law §§ 200 and 241 causes of action against it.

We agree with defendant that the court erred in denying that part of its motion seeking dismissal of the section 200 cause of action against it. "Section 200 of the Labor Law is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). "An implicit precondition to this duty to provide a safe place to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]). Thus, "[w]here the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Comes*, 82 NY2d at 877).

Here, defendant met its initial burden of establishing its entitlement to summary judgment dismissing the Labor Law § 200 cause of action against it. Defendant established that the dangerous condition resulted from the subcontractor's method of unloading the steel, and defendant did not supervise or control that work (*see Comes*, 82 NY2d at 877; *Vasey v Pyramid Co. of Buffalo*, 258 AD2d 906, 907 [1999]). Unloading the steel was the subcontractor's responsibility, and plaintiff's foreman used a forklift owned by the subcontractor to unload the steel. Although defendant exercised general supervisory control over the project and had the authority to correct unsafe practices,

there is no evidence that defendant actually supervised plaintiff's actions on the day of the accident (*see Comes*, 82 NY2d at 877; *Kazmierczak v Town of Clarence*, 286 AD2d 955, 956 [2001]). In opposition to the motion, plaintiff did not raise a triable issue. The evidence submitted by plaintiff merely establishes that defendant arranged to have the steel delivered to the job site and knew when the steel would be delivered. We therefore modify the order by dismissing the Labor Law § 200 cause of action against defendant.

We further agree with defendant that the court erred in denying that part of its motion seeking dismissal of the sections 241 (4) and 241 (5) claims against it. Those sections are not applicable to the facts of this case, and thus we further modify the order accordingly. We also agree with defendant that the court erred in denying that part of its motion seeking dismissal of the section 241 (6) claim against it to the extent it is based upon alleged violations of Occupational Safety and Health Administration regulations (*see Rizzuto*, 91 NY2d at 351 n; *Millard v City of Ogdensburg*, 274 AD2d 953, 954 [2000]; *Pelleschi v City of Rochester*, 198 AD2d 762, 763 [1993], *lv denied* 83 NY2d 752 [1994]), and therefore further modify the order accordingly.

The court erred in denying that part of the motion of defendant seeking dismissal of the Labor Law § 241 (6) claim against it to the extent that plaintiff relies on certain violations of Industrial Code provisions. Industrial Code (12 NYCRR) 23-1.4 (a) (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]), 23-1.5 (a), (c) (1), (2), and (3) (*see Webster v Wetzel*, 262 AD2d 1038 [1999]; *Williams v White Haven Mem. Park*, 227 AD2d 923, 923-924 [1996]), and 23-5.1 (f) (*see Sopha v Combustion Eng'g*, 261 AD2d 911, 912 [1999]; *Moutray v Baron*, 244 AD2d 618, 619 [1997], *lv denied* 91 NY2d 808 [1998]) are general safety standards that do not provide a basis for liability. 12 NYCRR 9.1 does not set forth any standard at all, general or specific, and thus also cannot provide a basis for liability. Defendant met its initial burden of establishing that 12 NYCRR 23-1.33, 23-1.7 (e) (2) and 23-9.2 (d) were not applicable to the facts of this case, and plaintiff failed to raise a triable issue. Defendant also met its initial burden of establishing that 12 NYCRR 23-9.2 (c), 23-9.8 (b), and 23-9.8 (e) were not violated, and plaintiff failed to raise a triable issue. We disagree with defendant, however, that it established that it did not violate 12 NYCRR 23-9.2 (a) and (b) (1) and 23-9.8 (j) and (l), that those regulations are not applicable to the facts of this case, or that any such violation was not a proximate cause of the accident (*see Piazza v Frank L. Ciminelli Constr. Co.*, 2 AD3d 1345, 1349

[2003]). We therefore further modify the order by dismissing the section 241 (6) claim only to the extent it is based upon alleged violations of 12 NYCRR 23-1.33 (a) (1) and (2), 23-1.4 (a), 23-1.5 (a), (c) (1), (2), and (3), 23-1.7 (e) (2), 23-5.1 (f), 23-9.1, 23-9.2 (c) and (d), and 23-9.8 (b) and (e). Present—Green, J.P., Scudder, Gorski, Martoche and Hayes, JJ.