■ EDWARD MCGUINNESS et al., Respondents, v HERTZ CORPORATION et al., Respondents, and BARNEY SKANSKA CONSTRUCTION Co., Appellant and Third-Party Plaintiff-Appellant. MILLER DRUCK SPECIALTY CONTRACTING INC., Third-Party Defendant-Respondent. [789 NYS2d 121]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered on or about September 29, 2003, which denied defendant and third-party plaintiff Barney Skanska Construction Co.'s motion for summary judgment seeking (1) dismissal of plaintiffs' Labor Law § 240 (1), § 241 (6) and § 200 claims, and (2) indemnification against third-party defendant, holding that the indemnification agreement was void as against public policy under General Obligations Law § 5-322.1, unanimously modified, on the law, to the extent of granting summary judgment

dismissing plaintiffs' Labor Law § 240 (1) and § 200 claims, and granting Skanska's contractual indemnification claim against third-party defendant, the indemnification agreement held enforceable, and otherwise affirmed, without costs.

Plaintiffs concede that there is no Labor Law § 240 (1) claim here, in view of the absence of any elevation-related risk. Furthermore, there is no Labor Law § 200 liability, since the record evidence clearly establishes that the injured plaintiff himself, as foreman for his subcontractor employer, exercised direct supervisory control over the method and manner of performance of the specific operation in question, namely, work site delivery to the subcontractor of the materials necessary to perform the exterior stonework for which it was hired. Under these circumstances, the level of supervision exercised by the general contractor did not provide a sufficient basis for the imposition of section 200 liability (*see Reilly v Newireen Assoc.*, 303 AD2d 214, 219-221 [2003], *lv denied* 100 NY2d 508 [2003]; *Loiacono v Lehrer McGovern Bovis, Inc.*, 270 AD2d 464 [2000]).

The only viable Labor Law § 241 (6) claim remaining is that based upon a violation of Industrial Code (12 NYCRR) § 23-1.29 (a), which states in relevant part: "(a) Whenever any construction . . . work is being performed over, on or in close proximity to a street, road, highway or any other location where public vehicular traffic may be hazardous to the persons performing such work, such work area shall be so fenced or barricaded as to direct such public vehicular traffic away from such area, or such traffic shall be controlled by designated persons." Contrary to Skanska's contentions, the work that plaintiff was involved in at the time of his injury constituted an integral part of the construction project and occurred within the work site (*see Shields v General Elec. Co.*, 3 AD3d 715, 717 [2004]*; Lucas v KD Dev. Constr. Corp.*, 300 AD2d 634 [2002]), was performed "on or in close proximity to a street" and is therefore within the purview of the statute and the regulation. In addition, the record before us poses a material issue of fact as to whether the manner in which the barricades were deployed constituted a violation of the regulation, thereby rendering the work site unsafe and proximately causing this plaintiff's injuries.

Finally, the indemnification provision asserted by Skanska is not voided by operation of General Obligations Law § 5-322.1. The provision contains the requisite language limiting the subcontractor's obligation to that permitted by law (*see Dutton v Pankow Bldrs.*, 296 AD2d 321 [2002], *lv denied* 99 NY2d 511 [2003]) and, in any case, the provision is applicable to the vicarious liability arising from Labor Law § 241 (6) that, in the

absence of record evidence of any active negligence, is the only liability to which Skanska is subject (*see Linarello v City Univ. of N.Y.*, 6 AD3d 192, 193-194 [2004]; *Dutton v Pankow Bldrs.*, *supra*). Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Williams, JJ.