Moira A. Murray, Individually and as Parent and Natural Guardian of the Persons and Property of Margaret E. Murray and Another, Infants, and as Administratrix of the Estate of John F. Murray, Deceased, Appellant, v Lancaster Motorsports, Inc., et al., Respondents, et al., Defendants. Lancaster Motorsports, Inc., et al., Third-Party Plaintiffs, v Henrietta Building Supplies, Inc., Third-Party Defendant-Respondent. [812 NYS2d 726]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered October 7, 2004. The order, inter alia, granted the motion of defendants Lancaster Motorsports, Inc. and Lancaster Concessionaires, Inc. for summary judgment dismissing the amended complaint and all cross claims against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of the motion of defendants Lancaster Motorsports, Inc. and Lancaster Concessionaires, Inc. and the cross motion with respect to the Labor Law § 241 (6) claim and reinstating that claim against those defendants except insofar as it is based upon the alleged violations of 12 NYCRR 23-1.5 and 23-8.1 (m) and reinstating the derivative cause of action against those defendants and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this personal injury and wrongful death action after plaintiff's decedent was electrocuted while unloading drywall for a building under construction. Supreme Court granted the motion of defendant Kevin M. Harmon, Sr., doing business as K-Wall Drywall, for summary judgment dismissing the amended complaint and all cross claims against him, granted the motion of Lancaster Motorsports, Inc. and Lancaster Concessionaires, Inc. (collectively, Lancaster defendants) for summary judgment dismissing the amended complaint and all cross claims against them, and granted that part of the cross motion of third-party defendant for partial summary judgment dismissing plaintiff's Labor Law claims. We note at the outset that, although plaintiff appeals from the court's order in its entirety, she does not contend on appeal that the court erred in granting Harmon's motion, and thus plaintiff has abandoned any challenge to that part of the order (see Scally v Regional Indus. Partnership, 9 AD3d 865, 868 [2004]; Ciesinski v Town of Aurora, 202 AD2d 984 [1994]).

We agree with plaintiff that the court erred in granting those parts of the motion of the Lancaster defendants and the cross motion of third-party defendant for summary judgment dismissing the Labor Law § 241 (6) claim in its entirety against the Lancaster defendants. At the time of the accident, decedent was

delivering drywall to a building under construction, and his work constituted construction work within the meaning of section 241 (6) (*see McGuinness v Hertz Corp.*, 15 AD3d 160, 161 [2005]; *Adams v Alvaro Constr. Corp.*, 161 AD2d 1014, 1015-1016 [1990]; *see also Fisher v WNY Bus Parts, Inc.*, 12 AD3d 1138 [2004]). Contrary to the contention of the Lancaster defendants, the fact that their property was subject to an easement held by defendant New York State Electric & Gas Corporation, also known as NYSEG, does not relieve them of their nondelegable duty to decedent under the Labor Law (*see Palmer v Alltel N.Y.*, 227 AD2d 914, 915 [1996], *lv denied* 89 NY2d 805 [1996]). Contrary to the further contention of the Lancaster defendants, there is an issue of fact whether their alleged negligence was a proximate cause of the accident (*see Shaheen v Hueber-Breuer Constr. Co.*, 4 AD3d 761, 762 [2004]; *Prince v Merit Oil of N.Y.*, 238 AD2d 561 [1997]).

We agree with the Lancaster defendants, however, that 12 NYCRR 23-1.5 and 23-8.1 (m) are general safety standards that are insufficient to support the Labor Law § 241 (6) claim (*see Hasty v Solvay Mill Ltd. Partnership*, 306 AD2d 892, 894 [2003]; *see generally Goss v State Univ. Constr. Fund*, 261 AD2d 860, 861 [1999], *lv dismissed in part and denied in part* 94 NY2d 847 [1999]). The court thus properly granted those parts of the motion of the Lancaster defendants and the cross motion of third-party defendant seeking summary judgment dismissing the Labor Law § 241 (6) claim against the Lancaster defendants to the extent that the claim is based upon the alleged violations of those regulations. We further conclude, however, that the Lancaster defendants and third-party defendant failed to establish that the Lancaster defendants did not violate the remaining regulations relied upon by plaintiff, that the regulations are not applicable to the facts of this case, or that such violations were not a proximate cause of decedent's accident (*see Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1349 [2003]). Thus, we modify the order accordingly.

The court properly granted those parts of the motion of the Lancaster defendants and the cross motion of third-party defendant for summary judgment dismissing the Labor Law § 200 claim against the Lancaster defendants. They established in support of those parts of the motion and cross motion that the dangerous condition resulted from the method used by decedent and his coworker to unload the drywall and that the Lancaster defendants did not supervise or control that work (*see McGuinness*, 15 AD3d at 161; *Fisher*, 12 AD3d at 1139).

The Lancaster defendants also moved for summary judgment

seeking common-law indemnification against third-party defendant, but in its decision the court noted that, in view of its "findings" with respect to the other relief sought, it "need not address" that motion. Inasmuch as the common-law indemnification issue is no longer moot, we remit the matter to Supreme Court for further proceedings not inconsistent with this decision. Present—Pigott, Jr., P.J., Martoche, Smith, Pine and Hayes, JJ.