■ HARVEY W. LANDRY et al., Appellants-Respondents, v GENERAL MOTORS CORP., CENTRAL FOUNDRY DIV., et al., Respondents-Appellants. [621 NYS2d 255] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting that part of defendants' motion for partial summary judgment seeking dismissal of plaintiffs' causes of action for damages for an ear injury under Labor Law § 200 and common-law negligence. There was conflicting evidence sufficient to raise an issue of fact whether defendants assumed supervisory control over the work of the employer of plaintiff husband *(see, Houde v Barton,* 202 AD2d 890, 892, *lv dismissed* 84 NY2d 977; *Rapp v Zandri Constr. Corp.,* 165 AD2d 639, 642; *Shaheen v International Bus. Machs. Corp.,* 157 AD2d 429, 434).

The court also erred in denying plaintiffs' cross motion for leave to serve an amended bill of particulars to allege violations of OSHA regulations with regard to plaintiffs' causes of action under Labor Law § 200 and common-law negligence. Although we have held that OSHA regulations cannot provide the basis for a Labor Law § 241 (6) cause of action *(see, e.g., Pelleschi v City of Rochester,* 198 AD2d 762, *lv denied* 83 NY2d 752), there is no reason that a violation of OSHA regulations, like other Federal or State regulations, should not be considered as some evidence of negligence under Labor Law § 200 and the common law if the violation was a substantial factor in bringing about the occurrence *(see,* PJI 2:29 [1993 Supp]).

The court further erred in denying that part of defendants' motion for partial summary judgment seeking dismissal of plaintiffs' Labor Law § 241 (6) cause of action for the ear injury. There is no specific provision of the Industrial Code that would have required that plaintiff husband have ear protection on this welding job, and thus plaintiffs' section 241 (6) cause of action for the ear injury must fail *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505). The court

also erred, therefore, in allowing plaintiffs to use Industrial Code rule 23 (12 NYCRR part 23) as some evidence of defendants' negligence. (Appeals from Order of Supreme Court, Onondaga County, Reagan, J.—Partial Summary Judgment.) Present—Green, J. P., Wesley, Callahan, Doerr and Boehm, JJ.