CHARLES ROSABELLA, Appellant, v KENNETH FANELLI et al., Respondents. [639 NYS2d 573] —White, J.

At the conclusion of the trial of this automobile negligence action arising out of a rear end collision that occurred on

---

2. The record indicates that the overhanging branches were located 89 feet from the intersection.

March 5, 1985 in Connecticut, the jury returned a verdict finding, *inter alia*, that plaintiff had not sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). Plaintiff appeals.

Plaintiff initially argues that Supreme Court erred in permitting defendants to present a third medical witness since his testimony was cumulative and only served to bolster defendants' case. Whether evidence should be excluded as cumulative is a matter that rests within the sound discretion of the trial court (*see, Berry v Jewish Bd.*, 173 AD2d 670, 671; *Abbott v New Rochelle Hosp. Med. Ctr.*, 141 AD2d 589, 591, *lv denied* 72 NY2d 808). In our view Supreme Court did not abuse its discretion in admitting the challenged testimony because it did not prolong the trial nor did it unfairly surprise plaintiff in the sense that he was not able to refute the testimony (*see*, Fisch, NY Evidence § 3, at 5 [2d ed]).

At the close of the evidence, plaintiff in essence moved for a directed verdict on the "serious injury" issue by requesting that Supreme Court not submit that issue to the jury. Supreme Court properly denied the request given the conflicting medical evidence as to whether there was a causal connection between the accident and plaintiff's alleged permanent shoulder injury (*see, Ampolini v Long Is. Light. Co.*, 186 AD2d 772, 773).

Plaintiff's last argument for reversal is that the jury's verdict is against the weight of the evidence. The established rule is that a verdict will not be set aside on this ground unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Wierzbicki v Kristel*, 192 AD2d 906, 907). This is a discretionary inquiry, involving the balancing of many factors, with the ultimate test being whether any viable evidence exists to support the verdict, not whether the jury erred in weighing the evidence (*see, Durkin v Peluso*, 184 AD2d 940, 941; *Nicastro v Park*, 113 AD2d 129, 133). In making this inquiry, great deference is given a jury's determination, particularly in negligence actions where the verdict is in favor of the defendant (*see, Carpenter v Albee*, 192 AD2d 1004, 1004-1005).

Here, the verdict reflects the jury's determination that the testimony of defendants' medical witnesses that plaintiff sustained nothing more than a sprain or strain of soft tissues was more credible than the testimony of plaintiff's expert that plaintiff developed disk conditions in his cervical and lumbar spines and adhesive capsulitis in his left shoulder. Besides the medical proof, there was evidence that defendants' vehicle was only going two to three miles per hour when it struck plaintiff's

vehicle and that, following the accident, plaintiff worked without interruption for $2^1/2$ years in the physically taxing job of an automobile mechanic.

Applying the appropriate principles and recognizing that the resolution of credibility issues is reserved to the trier of fact (see, Dutcher v Fetcher, 183 AD2d 1052, 1055, lv denied 80 NY2d 761), we conclude that the jury's verdict was predicated upon a fair interpretation of the evidence.

For these reasons, we affirm.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.