■ PEARLA LOVE, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [674 NYS2d 750] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated May 13, 1997, which denied her motion pursuant to CPLR 4404 to set aside the jury verdict in favor of the defendant on the issue of liability.

Ordered that the order is reversed, the plaintiff's motion is granted, and a new trial is granted, with costs to abide the event.

The plaintiff alleges that on January 6, 1993, she was seriously injured when the doors of an elevator, located on property owned by the defendant, suddenly closed on her head. In November 1993 the plaintiff served a "combined demand" upon the defendant, seeking, *inter alia*, all documents pertaining to the elevator involved in the accident, including "complaints regarding said elevator" for the two years prior to the accident. In November 1995 the plaintiff served a "so ordered" subpoena duces tecum upon the defendant, requiring it to produce all complaints regarding the elevators for the period from January 1, 1989, through February 15, 1993. Thereafter the plaintiff's counsel wrote three letters to the defendant requesting compliance with both his discovery demand and the subpoena. Although the defendant produced some documents, consisting of

"outage" reports related to repairs, it never produced documentation with respect to tenant complaints.

At trial the plaintiff requested but was denied an adverse-inference charge against the defendant based upon its failure to produce the requested documentation. Inasmuch as the record reveals that the defendant did maintain files of tenant complaints about the elevators, and since the defendant has offered no reasonable explanation for not producing the files, the plaintiff was entitled to the adverse-inference charge (*see, Scaglione v Victory Mem. Hosp.,* 205 AD2d 520; *Fares v Fox,* 198 AD2d 396).

The plaintiff also requested and was denied an instruction to the jury that the defendant violated a statutory standard of care governing the kinetic energy and force limitations for elevator power doors. The plaintiff adduced testimony, in the form of a response by an expert to a hypothetical question, to support the allegation that the defendant had not complied with sections of the New York City Building Code which refer to "ASME/ANSI A17.1" of the National Elevator Safety Code, which states that "[t]he kinetic energy of the [elevator] door on all parts rigidly connected thereto, computed for the average closing speed shall not exceed 7ft-lbf (9.49j) where a reopening device for the power-operated car door * * * is used" (ASME/ANSI A17.1a-1994, Rule 112.4; Administrative Code of City of NY §§ 27-997 to 27-1000; Administrative Code of City of NY Reference Standards, RS 18-1). Contrary to the defendant's contention, the expert's testimony was not based upon surmise, but upon facts which were "fairly inferable from the evidence" (*Tarlowe v Metropolitan Ski Slopes,* 28 NY2d 410, 414). Moreover, the defendant does not dispute that a violation of ASME/ANSI A17.1a-1994, Rule 112.4 constitutes some evidence of negligence (*see, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559). Accordingly, the plaintiff was also entitled to have the jury instructed with respect to the alleged violation of a statutory standard of care (*see, Chanler v Manocherian,* 151 AD2d 432).

The court's failure to give these requested charges did not constitute harmless error. Consequently, the order appealed from is reversed, the plaintiff's motion is granted, and a new trial is granted (*see, Taggart v Vogel,* 3 NY2d 58). Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.