■ JACK COOK et al., Respondents, v BERNARD SUTTON et al., Appellants. [677 NYS2d 837] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Jack Cook (plaintiff) sustained injuries when he slipped and fell, allegedly on wet grass, while leaving the backyard of defendants' home. Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint. A landowner may be liable for injuries resulting from a dangerous condition on the property if the landowner created the dangerous condition or had actual or constructive notice of it (*see, Kuchman v Olympia & York,* 238 AD2d 381, 381-382). Defendants demonstrated as a matter of law that they did not have either actual or constructive notice of the wet grass prior to plaintiff's accident, and plaintiffs failed to raise a triable issue of fact. Plaintiffs allege that defendants created the condition by placing a keg of beer in ice in their backyard. Plaintiff testified at his deposition that the beer keg was located 10 to 15 feet uphill and to the left of the spot where he fell. At their depositions, defendants denied that there was a keg of beer on their property that day.

Even assuming, arguendo, that the keg of beer was in the location described by plaintiff (*see, Tassone v Johannemann,* 232 AD2d 627, 628), we conclude that plaintiff nevertheless failed to raise a factual issue whether defendants created the allegedly dangerous condition of the wet grass. Plaintiff testified that he did not know where the water came from that caused the wet grass in the area where he fell, although he thought that it was "possible" that the water on the grass where he fell might have come from the beer keg because "it was wet around the keg of beer". He also suggested that the wet grass was caused by people walking around in wet bathing suits. The testimony of plaintiff concerning the source of the water in the area where he fell is based upon pure speculation and is insufficient to defeat a motion for summary judgment (*see, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.— Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Fallon, JJ.