■ Timothy Gleason et al., Respondents, v Holman Contract Warehousing, Inc., et al., Appellants. (And Another Related Action.) [694 NYS2d 230] —Graffeo, J. Appeals (1) from a judgment of the Supreme Court (Williams, J.), entered July 6, 1998 in Albany County, upon a verdict rendered in favor of plaintiffs, (2) from an order of said court, entered July 7, 1998 in Albany County, which denied defendants' motions to set aside the verdict, and (3) from a judgment of said court, entered July 24, 1998 in Albany County, which awarded costs and disbursements to plaintiffs.

Plaintiff Timothy Gleason (hereinafter plaintiff) commenced this action to recover damages for injuries he sustained in September 1992 while unloading appliances from a tractor trailer. At the time of the incident, plaintiff, a tractor trailer driver for Transport Associates, Inc., had picked up a trailer containing General Electric ranges from a warehouse owned by defendant Holman Contract Warehousing, Inc. located in Albany County and transported the load to a warehouse in Kingston, New Hampshire, operated by defendant Customized Transportation, Inc. (hereinafter CTI).

The boxes containing the appliances had been loaded into the trailer by Holman utilizing the "cubed out method" whereby the boxes were tightly loaded with a basiloid attachment affixed to the front of a forklift, which enabled the loading to be completed without manual assistance. Plaintiff then traveled to CTI's warehouse in New Hampshire where the ranges were unloaded. Because CTI did not have a basiloid attachment, plaintiff was required to manually separate the boxes and maneuver them into the appropriate position for CTI's clamp truck to remove them. As plaintiff was in the process of maneuvering two stacked ranges, they fell on him and caused his injuries.

Plaintiff and his wife, derivatively, thereafter commenced this action against Holman and CTI. In May 1997, a jury returned a verdict in favor of plaintiff apportioning liability 45% to Holman and 55% to CTI. Defendants moved pursuant to CPLR 4404 (a) to set aside the jury verdict on the ground that it was against the weight of the evidence. Supreme Court denied the motions and defendants now appeal from the final judgment, the judgment for costs and disbursements, and the order denying their posttrial motions.

Central to the appeal of both defendants is the assertion that their CPLR 4401 motions should have been granted because plaintiffs failed to prove a prima facie case of negli-

gence at trial.* Judgment pursuant to CPLR 4401 is appropriate only when "giving the plaintiff the benefit of every favorable inference, there is no rational basis on which a jury could reasonably find for the plaintiff" (*Walden v Otis El. Co.*, 178 AD2d 878, 879, *lv denied* 79 NY2d 758; *see, Murphy v Hasenflue*, 198 AD2d 754). Holman's negligence was premised upon the theory that although it was aware that CTI did not utilize a basiloid attachment, it nevertheless loaded the boxes in a manner consistent with requiring such a mechanism for unloading. Since CTI did not own a basiloid attachment, plaintiff was required to assist in the unloading of the appliances which he claimed subjected him to an unreasonable risk of harm due to Holman's loading technique. In order to extricate and properly position the ranges for removal, each of which weighed over 300 pounds, plaintiff had to pull on the stack of tightly packed boxes.

Plaintiff testified that on several occasions prior to the accident he had voiced complaints to Holman's warehouse manager regarding the manner in which the appliances were being packed into the trailers. The warehouse manager confirmed that plaintiff had previously complained about having to unload the appliances and that plaintiff had suggested alternative ways to load trailers. Holman disregarded the suggestions and continued its loading practices in the same manner despite its knowledge that CTI was using a clamp truck to unload the appliances. Another truck driver employed by Transport testified that he also raised concerns about the loading methods used by Holman prior to plaintiff's accident. Additionally, plaintiffs' expert witness opined that Holman's practices fell below the industry standard for loading once it learned that CTI was using a clamp truck rather than a forklift with a basiloid attachment. Plaintiffs' posture was that Holman should have rearranged the appliances inside the trailer to provide CTI's clamp truck sufficient room to maneuver and unload the appliances without the need of manual help from the drivers.

CTI's liability was based on plaintiffs' contention that it failed to use the appropriate equipment to unload the appliances. Plaintiff testified that he had complained to William Schofield, an employee of CTI, on a regular basis before his accident about the manner in which the appliances were removed

---

* Although both defendants appealed Supreme Court's denial of their CPLR 4404 (a) posttrial motions, Holman bases its appeal on the denial of its CPLR 4401 motion while CTI maintains that plaintiffs failed to present a prima facie case of negligence.

from the trailer. Another CTI employee acknowledged that the goods coming from Holman were loaded "extremely, extremely tight" and that plaintiff had complained to him about this condition prior to the accident. A third CTI employee confirmed that plaintiff, as well as other drivers, had remarked about the tightness of the loaded appliances prior to the accident, and that such complaints were relayed to CTI's supervisors with a warning that someone was going to get hurt. Schofield testified that his superiors responded that the appliances were loaded by Holman with a basiloid and that CTI was not going to purchase a basiloid. One supervisor admitted that he had received Schofield's request that CTI acquire a basiloid. Furthermore, plaintiff's expert testified that CTI's practices fell below industry standards in allowing plaintiff to participate in the unloading process and in failing to supply the appropriate equipment to unload the trailers. CTI's own expert witness responded that had CTI used basiloid equipment to unload the ranges that day, plaintiff would not have been injured. Under these circumstances, we conclude that a rational basis existed for the jury's determination.

To the extent that defendants maintain that the verdict was against the weight of the evidence, for similar reasons, we find that defendants have not demonstrated that the jury "could not have reached its verdict on any fair interpretation of the evidence" (*Rosabella v Fanelli*, 225 AD2d 1007, 1008), especially in light of the considerable deference accorded to the jury's assessment of evidence (*see, Sorel v Iacobucci*, 221 AD2d 852, 853-854; *Durkin v Peluso*, 184 AD2d 940, 941).

Holman next argues that Supreme Court erred by refusing its request for jury instructions stating that the duty of a loader was to load with reasonable care and that it had no duty to control the conduct of CTI's unloading process. We disagree. The charges requested by Holman were unnecessary and cumulative given Supreme Court's general negligence charges which included the respective duties of the parties. Supreme Court further indicated to Holman's attorney that he was free to make both of those arguments to the jury under the general duty instruction. Also, CTI's request for an assumption of the risk charge was not supported by the evidence. Plaintiff and the other drivers were required to assist in the unloading process and a refusal to help would have resulted in dismissal. As such, plaintiff did not voluntarily engage in a potentially dangerous activity (*see,* 1A PJI 2:55, at 282 [3d ed]) and Supreme Court properly declined to charge assumption of the risk (*see, e.g., Torres v City of New York*, 235 AD2d 416).

Lastly, because it is evident that plaintiff's expert possessed the requisite knowledge and experience (*see*, *Matott v Ward*, 48 NY2d 455, 459), CTI's contention that Supreme Court improperly admitted his testimony is unavailing. The hypothetical question posed to the expert, which involved the loading and unloading of the boxes, was fairly inferable from the record and therefore did not constitute reversible error.

The court has considered the parties' remaining contentions and have found them to be lacking in merit.

Peters, J. P., Spain and Carpinello, JJ., concur. Ordered that the judgments and order are affirmed, with one bill of costs.