■ In the Matter of DIANE CALABRITTO et al., Respondents, v DENIS DILLON et al., Appellants. [765 NYS2d 61] —In a proceeding pursuant to CPLR article 78 to review the termination of the petitioners' employment with the Nassau County District Attorney's Office, Denis Dillon, Thomas Gulotta, the Nassau County Civil Service Commission, and the County of Nassau appeal from an interlocutory judgment of the Supreme Court, Nassau County (Burke, J.), dated March 27, 2001, which, upon so much of an order of the same court dated December 8, 2000,

as denied their motions to reject a report of a Judicial Hearing Officer dated August 25, 2000, finding that they failed to comply with substantial portions of a subpoena, and to vacate an order of the same court dated April 14, 2000, striking their answer, and as granted the petitioners' motions to verify that the answer had been stricken and to confirm the report, granted the petition as to liability only. Justice Smith has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the interlocutory judgment is reversed, on the law, and as a matter of discretion, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the petitioners' motions are denied, the motions of Denis Dillon, Thomas Gulotta, the Nassau County Civil Service Commission, and the County of Nassau are granted, the order dated April 14, 2000, is vacated, the answer is reinstated, and the order dated December 8, 2000, is modified accordingly.

The petitioners are former civil service employees of the Office of the Nassau County District Attorney who were laid off in 1992 as part of an attempt by the Nassau County Executive to close a budget deficit. The petitioners commenced this proceeding in 1992 against, among others, Nassau County District Attorney Denis Dillon (hereinafter the DA) and the County Executive (hereinafter referred to collectively as the County) in which they alleged, among other things, that the layoffs were effectuated in bad faith and in violation of the Civil Service Law, in that other employees were required to perform out-of-title work as a consequence of the layoffs. The petitioners sought reinstatement to their positions, lost compensation and other benefits, and an injunction prohibiting the hiring of independent contractors and the assignment of out-of-title work.

Six years later, in 1998, the petitioners served a subpoena duces tecum on the DA seeking 84 categories of documents covering the period of time from 1992 to 1998, and, in some instances, documents prior to 1992. Subsequently, during motion practice concerning the DA's compliance, the petitioners withdrew their request for about 20 of the items and claimed that the DA had not complied with about 40 of the remaining items. In early 2000, the Supreme Court struck the County's answer unless it fully complied with the subpoena within 30 days. As a consequence, the DA produced over 8,000 pages of documents.

The petitioners maintained that the response was incomplete. On the basis of the attorneys' affirmations, the Supreme Court

concluded that the DA failed to comply with the subpoena and struck the County's answer in an order dated April 14, 2000. The County moved to vacate the order dated April 14, 2000, and the Supreme Court referred the issue of whether the DA complied with the subpoena to a Judicial Hearing Officer (hereinafter JHO).

The hearing was limited to the issue of whether the DA complied with 38 of the items. The JHO concluded that the DA failed to comply with all 38 items, that his efforts to comply were "characterized by arrogance, stealth and evasion," and that all the items could have been produced. The Supreme Court confirmed the JHO's report, and, by order dated December 8, 2000, denied the County's motion to vacate the order dated April 14, 2000, striking its answer. The Supreme Court then granted the petition as to the issue of liability only.

It is well settled that the drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith (*see Barth v City of New York,* 294 AD2d 386 [2002]; *Harris v City of New York,* 211 AD2d 663 [1995]). The record supports a conclusion that the DA appeared unreasonably inaccessible and uncompromising in the disclosure of some of the discoverable material. However, in our view, the evidence was equivocal as to whether the DA's behavior rose to the level that dictated the harsh remedy of striking the County's answer. Furthermore, since the JHO, at the outset of the hearing, indicated that the hearing concerned only the issue of whether the documents were produced, and not the issue of bad faith, no testimony was elicited from the County's witnesses regarding their efforts to locate documents. The Supreme Court did not refer to any evidence in the hearing record as indicative of bad faith and, in fact, the court made no explicit finding that the DA's actions were willful, contumacious, or in bad faith.

In many instances, the petitioners' claims of noncompliance were based on the fact that the documents provided to them did not collate information in the form they had requested, although the information could be gleaned from the documents provided. While it is clear that the DA should have been more cooperative and forthcoming in the production of this material, the JHO placed an improper burden on the DA to create documents in response to the subpoena by suggesting that he was obligated to "compose a list" in response to a document request. Furthermore, in view of the fact that the subpoena was not issued until 1998, and sought documents generated over a pe-

riod of at least six years, the DA's representation that certain items were no longer in existence due to, for example, changes in the computer system, or that certain items could not be found, was reasonable, particularly in the absence of evidence to the contrary.

In view of the voluminous records turned over to the petitioners, and the evidence elicited at the hearing, we conclude that the DA substantially complied with the subpoena and that the sanction of striking the County's answer was an improvident exercise of discretion. In the event that the petitioners are able to establish at trial that a document which the DA claimed did not exist does in fact exist, they can seek the appropriate sanction with respect to that item (*see Love v New York City Hous. Auth.*, 251 AD2d 553 [1998]; *Scaglione v Victory Mem. Hosp.*, 205 AD2d 520 [1994]). Smith, J.P., Friedmann, Luciano and Townes, JJ., concur.