■ INGRID DORFMAN et al., Respondents, v MID-TOWN REALTY CORP., Appellant, and SERGE ELEVATOR CO., INC., Respondent. [765 NYS2d 318] —Order, Supreme Court, Bronx County (Paul Victor, J.), entered February 13, 2003, which, in an action for "psychological" injuries allegedly caused by a malfunctioning elevator, denied defendant building owner's (appellant) motion for summary judgment dismissing the complaint and all cross claims as against it, or in the alternative, for conditional summary judgment on its cross claim for common-law indemnification against defendant elevator maintenance company (respondent), unanimously affirmed, without costs.

Appellant's argument that the complaint should have been dismissed for lack of medical proof substantiating plaintiff's claim of psychological injuries is improperly raised for the first time on appeal, and we decline to consider it (*see Simpson v*

*Bronx Cross County Med. Group*, 288 AD2d 109, 110 [2001]). While appellant's motion for summary judgment expressed some scepticism about plaintiff's injures, it never argued, much less presented any evidence to show, that it was entitled to judgment as a matter of law for lack of evidence of compensable injury (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Rather, appellant argued that it could not be held liable to plaintiff because any injuries sustained by plaintiff were caused entirely by respondent's delayed response to appellant's report of an emergency and by respondent's mechanic's subsequent faulty attempt to remedy the emergency. Appellant now abandons such argument insofar as addressed to the complaint, in apparent recognition that it fails to address the nondelegable nature of appellant's duty to keep its elevators in reasonably safe condition (*see Mas v Two Bridges Assoc.*, 75 NY2d 680, 687 [1990]).

Nor does such argument warrant conditional summary judgment in appellant's favor on its cross claim against respondent for common-law indemnification. First, it cannot be said as a matter of law that plaintiff's alleged psychological injuries were caused entirely by respondent's alleged negligent response to the emergency, and that the elevator malfunction itself, and/or appellant's own response to the resulting emergency, did not contribute thereto. Second, the maintenance contract here is unlike those that have been held to constitute a transfer of full and exclusive responsibility for elevator inspection, maintenance and repair (*see id.* at 688). This contract provides that "management and control" over the elevator equipment remained exclusively with appellant when respondent was not working in, about or on such equipment; that respondent was not responsible for doing any work on, among other things, the hoistway enclosure, electric power wiring, sheaves and main machines; and that until notified by building personnel, respondent was "not [to] be held responsible for the leveling of cars at landings, erratic operation of car doors, shaft doors or for any situation that may occur that cannot be revealed by [respondent's] ordinary inspection methods." As the motion court found, the contract is inconclusive as to appellant's right to look to respondent for performance of its entire duty to plaintiff. Concur—Saxe, J.P., Sullivan, Williams, Lerner and Friedman, JJ.