■ Elizabeth Oettinger, Appellant, v Montgomery Kone, Inc., et al., Respondents. [824 NYS2d 447]—

Lahtinen, J. Appeal from an order of the Supreme Court (Clemente, J.), entered September 30, 2005 in Sullivan County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was injured when she tripped and fell upon entering an elevator (identified as elevator No. 4) at her place of employment, Community General Hospital, in Sullivan County. She sued defendants claiming that they negligently maintained and serviced the elevator. She testified at her deposition that, after falling, she observed that the elevator had stopped at least 3½ inches above floor level. Following disclosure, defendants successfully moved for an order granting them summary judgment dismissing the action in its entirety. Plaintiff appeals arguing that she raised an issue of fact regarding defendants' negligence and that the doctrine of res ipsa loquitur should have been applied to these facts.

A company which contracts to maintain and service elevators

so that they operate safely is subject to liability for injuries to a passenger for failure to correct a condition that is known to it or should have been discovered and corrected by the company's use of reasonable care (*see Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *De Sanctis v Montgomery El. Co.*, 304 AD2d 936, 936 [2003]). Here, the subject elevator required frequent repair in the months prior to the accident and was scheduled to be replaced. Twelve work tickets were written for the elevator in the month before the accident. While the former service technician for defendant Montgomery Kone, Inc. (hereinafter defendant), Russell Delemos, testified that the work was not the type that implicated potential misleveling, plaintiff's expert, Patrick Carrajat, disagreed. Carrajat set forth several specific examples of problems from recent work tickets and explained that each of those reported problems could cause misleveling. Further, although Delemos stated that a report of "overshooting floors" reflected that the elevator proceeded one floor beyond the floor selected by an occupant, Carrajat opined that this reported condition revealed "that the elevator overshoots the floor by not stopping level with the outside floor." At his deposition, Delemos initially stated that one of the prior reported problems involved a component that controls where the elevator stops, but then indicated that he did not understand the question. There was evidence that, during the week before the accident, mechanical difficulties kept the elevator out of operation for several days and that defendant had worked on the elevator as recently as three days before the accident. Considering the conflicting evidence in the record in the light most favorable to plaintiff reveals factual issues, including whether the elevator's prior malfunctions were "directly or indirectly related to the accident" (*Rogers v Dorchester Assoc., supra* at 561) and whether defendant "fail[ed] to use reasonable care to discover and correct a condition which it ought to have found" (*id.* at 559; *see Warner v Historic Hudson Riv. Heritage Dev. Co.*, 235 AD2d 987, 989 [1997]; *see also Fanelli v Otis El. Co.*, 278 AD2d 362, 362 [2000]).

In light of the above, we need not address the doctrine of res ipsa loquitur.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.