■ MYRTLE BRYANT, Appellant-Respondent, v BOULEVARD STORY, LLC, Respondent-Appellant, et al., Respondent. [928 NYS2d 285]—

Plaintiff's submissions in opposition to defendants' motions, including her deposition testimony and her affidavit estimating that the subject elevator misleveled by approximately 1½ to 2½

inches, were sufficient to raise a triable issue of fact as to whether defendant Uplift Elevator, Inc. (Uplift) was negligent in failing "to discover and correct a [misleveling problem] which it ought to have found" (*Oettinger v Montgomery Kone, Inc.*, 34 AD3d 969, 970 [2006], quoting *Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *see also Dickman v Stewart Tenants Corp.*, 221 AD2d 158 [1995]). Moreover, at this juncture, it cannot be concluded as a matter of law that the doctrine of res ipsa loquitur will not be available to plaintiff at trial, given that the alleged misleveling of the elevator was not an event that ordinarily occurs in the absence of negligence; the evidence shows that defendant Uplift was exclusively responsible for maintenance and repair of the elevator; and the record is devoid of any evidence that plaintiff contributed to the misleveling of the elevator (*see Dickman* at 158; *Burgess v Otis El. Co.*, 114 AD2d 784, 785-787 [1985], *affd* 69 NY2d 623 [1986]).

Boulevard Story did not meet its burden of establishing entitlement to common-law indemnification against defendant Uplift. The parties' contract provided that "management and control" over the elevator and its supplies remained exclusively with Boulevard when Uplift was not working on the elevator equipment (*Dorfman v Mid-Town Realty Corp.*, 309 AD3d 538 [2003]). As this language is inconclusive as to Boulevard Story's right to look to Uplift for performance of its entire duty to plaintiff, summary resolution of its claim for common-law indemnification is presently premature.

We have considered the parties' additional contentions and find them without merit. Concur—Gonzalez, P.J., Mazzarelli, Richter, and Manzanet-Daniels, JJ.

Román, J., dissents in a memorandum as follows: Inasmuch as the record evinces that plaintiff failed to establish that the elevator misleveled to an actionable degree, defendants were properly granted summary judgment. Accordingly, I dissent.

Plaintiff alleges that she tripped and fell while exiting an elevator within premises owned by Boulevard Story, LLC because the elevator misleveled. At her deposition, plaintiff was asked to describe the degree of misleveling which caused her to fall, and while she initially gestured the degree of the misleveling, when specifically asked how much lower than the landing the elevator stopped as she tripped and fell, she stated, "Ma'am, I can't tell you. I can't tell you because, as I said, I was outside, you know, and I just looked to see why I fell." Asked whether she could approximate the degree of misleveling, without guessing, plaintiff stated, "I have to guess."

A little over a year after plaintiff was deposed, defendants

moved for summary judgment, arguing, inter alia, that there was no proof that the misleveling alleged by plaintiff was actionable in that it exceeded the acceptable degree of misleveling for this type of elevator. In support of its motion for summary judgment, Boulevard Story, LLC submitted an affidavit from an elevator expert who stated, inter alia, that given the type of elevator at issue here, any misleveling not exceeding half an inch was an acceptable degree of misleveling. Plaintiff's elevator expert, in an affidavit submitted in opposition to defendants' motion, gave the same opinion. Plaintiff also submitted an affidavit where she stated that the degree of misleveling existing at the time of her accident and contributing to her fall was $1^1/_2$ to $2^1/_2$ inches. Plaintiff further stated that she had indicated the degree of misleveling, through gesture, at her deposition.

While a property owner has a nondelegable duty to passengers to maintain its building's elevator in a reasonably safe manner (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 565 [1973]), liability can only be premised on the existence of a malfunction or a defect that causes injury to a plaintiff (*Isaac v 1515 Macombs, LLC*, 84 AD3d 457 [2011]). Similarly, an elevator company that agrees to maintain an elevator in safe operating condition may be liable to a passenger if it fails to correct a condition about which it has knowledge or when it fails to use reasonable care to discover and correct the same (*id.*). Here, since it is undisputed that only misleveling exceeding one half inch constitutes an actionable degree of misleveling, defendants cannot be liable for the misleveling at issue unless it is established that on the date of plaintiff's accident the elevator misleveled in excess of one half inch.

Here, the only evidence as to the degree of misleveling on the date of plaintiff's accident is plaintiff's affidavit submitted in opposition to defendants' motions for summary judgment wherein she states, for the first time and in contradiction to her deposition testimony, that the elevator misleveled by $1^1/_2$ to $2^1/_2$ inches. The majority apparently chooses to ignore this issue, giving credence to plaintiff's argument that she did in fact indicate the degree of misleveling at her deposition such that her affidavit is not inconsistent. A review of plaintiff's deposition transcript, however, belies any such assertion since not only did she not give any such testimony at her deposition, she went further, averring that she could not state the degree of misleveling without venturing to guess. In fact, even if, as urged, plaintiff did in fact gesture the degree of misleveling at her deposition and the attorneys simply failed to memorialize the same, given her testimony, any such gesture, would have been nothing

less than speculation. Accordingly, her affidavit, containing her epiphanic recall of the level of misleveling, is inconsistent with her deposition, where she literally testified that she had no clue, and creates a feigned issue of fact that must be disregarded (*Burkoski v Structure Tone, Inc.*, 40 AD3d 378, 383 [2007]; *Lupinsky v Windham Constr. Corp.*, 293 AD2d 317, 318 [2002]; *Joe v Orbit Indus.*, 269 AD2d 121, 122 [2000]; *Kistoo v City of New York*, 195 AD2d 403, 404 [1993]). Based on the foregoing, summary judgment was properly granted to defendants, since the record is bereft of any competent evidence that the elevator misleveled to an actionable degree.

In light of the foregoing, Boulevard's appeal from the denial of its motion for common-law indemnification against defendant Uplift Elevator should have been dismissed as academic.