▇ Elizabeth Oettinger, Respondent, v Montgomery Kone, Inc., et al., Appellants. [949 NYS2d 295]—

Malone Jr., J. ▇

Plaintiff commenced this negligence action seeking to recover damages for injuries she sustained after she tripped and fell upon entering an elevator at her place of employment that was maintained and serviced by defendants. Following an ultimately unsuccessful motion for summary judgment dismissing the complaint made by defendants (34 AD3d 969 [2006]), a jury trial on the issue of liability was held. During trial, defendants twice unsuccessfully moved to dismiss the complaint. After the

jury returned a verdict in favor of plaintiff, defendants moved pursuant to CPLR article 44 to dismiss the complaint or, alternatively, for either a directed verdict in their favor, a judgment notwithstanding the verdict or for an order setting aside the verdict in the interest of justice on the basis that the verdict was against the weight of the evidence. Supreme Court denied the motion and defendants appeal.

"A company which contracts to maintain and service elevators so that they operate safely is subject to liability for injuries to a passenger for failure to correct a condition that is known to it or should have been discovered and corrected by the company's use of reasonable care" (34 AD3d at 969-970 [citations omitted]). At trial, plaintiff testified that at the time of her fall, the elevator was approximately three inches out of level with the building's floor when it stopped. She testified that she had previously experienced problems with the elevator and presented evidence that the elevator had been the subject of frequent repairs in the months prior to her fall. Plaintiff's expert identified several specific issues on various work tickets that were generated in connection with repairs that could have resulted in the elevator misleveling as described by plaintiff. Although defendants' former service superintendent admitted that the elevator had been the subject of repairs and had been taken out of service several times prior to the accident, he denied that any of the work that was performed concerned problems that would have caused the elevator to mislevel.

On this record, resolving credibility determinations in favor of plaintiff, Supreme Court did not err in determining that plaintiff established a prima facie case of negligence and that the evidence was sufficient for the jury to return a verdict in favor of plaintiff; thus, defendants' motions to dismiss the complaint both at the conclusion of plaintiff's case and at the close of all the evidence were properly denied (*see* CPLR 4401; *Moons v Wade Lupe Constr. Co., Inc.*, 43 AD3d 501, 503 [2007]; *Calafiore v Kiley*, 303 AD2d 816, 817 [2003]). Moreover, in light of the competing opinions regarding the repairs that were made to the elevator, and given "the considerable deference accorded to the jury's assessment of the evidence," the court appropriately determined that defendants failed to demonstrate that the jury " 'could not have reached its verdict upon any fair interpretation of the evidence' " (*Gleason v Holman Contract Warehousing*, 263 AD2d 913, 915 [1999], quoting *Rosabella v Fanelli*, 225 AD2d 1007, 1008 [1996]; *see* CPLR 4404). Accordingly, defendants' motion to set aside the verdict as against the weight of the evidence was also properly denied. Finally, we are

not persuaded that defendants asserted any basis upon which Supreme Court should have set aside the verdict in the interest of justice (*see* CPLR 4404).

Defendants' remaining contentions have been considered and found to be without merit.

Peters, P.J., Spain, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.