■ DIANA MCLAUGHLIN et al., Respondents, v THYSSEN DOVER ELEVATOR COMPANY et al., Appellants. [985 NYS2d 534]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered October 10, 2013, which denied defendants Thyssen Dover Elevator Company, Thyssen Elevator Company and Thyssenkrupp Elevator Corporation's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Diana McLaughlin fell upon stepping into an elevator that had misleveled about 1½ to 2 feet. It is undisputed that the misleveling condition was caused by defective level up, level down, and door zone relays, which were replaced after the accident.

An elevator company that agrees to maintain an elevator may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *Koch v Otis El. Co.*, 10 AD3d 464, 467 [1st Dept 1960]).

Plaintiffs raised a triable issue of fact as to whether defendants had constructive notice of the misleveling condition or with reasonable care could have discovered and corrected the condition, by submitting the affidavit of their expert, who reviewed defendants' repair tickets and concluded that they revealed conditions related to the elevator's leveling function. Contrary to defendants' contention, the expert affidavit, which refuted defendants' proof of absence of prior misleveling problems by explaining how the prior defects were related to the leveling function, was not speculative (*see Stewart v World El. Co., Inc.*, 84 AD3d 491, 496 [1st Dept 2011]). To the extent the experts dispute whether the upward auxiliary relay and the subject leveling relays were similar, and whether the leveling relays were maintainable, this merely raises an issue of fact as to whether the subject relays were properly maintained or whether defendants could have reasonably inspected and maintained them (*see Oettinger v Montgomery Kone, Inc.*, 34 AD3d 969, 970 [3d Dept 2006]; *Gleeson-Casey v Otis El. Co.*, 268 AD2d 406, 407 [2d Dept 2000]).

Issues of fact exist as to whether the doctrine of res ipsa loquitur applies here. The expert testimony conflicts as to whether the misleveling of the elevator would not ordinarily occur in the absence of negligence. It is, however, undisputed that defendants were exclusively responsible for maintenance and repair of the elevator, and the record is devoid of any evidence that plaintiff contributed to its misleveling (*Bryant v Boulevard Story, LLC*, 87 AD3d 428, 429 [1st Dept 2011]; *Gutierrez v Broad Fin. Ctr., LLC*, 84 AD3d 648 [1st Dept 2011]). Concur—Sweeny, J.P., Renwick, Saxe, Freedman and Richter, JJ.